UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| MARY ANN TURNER, | : | | |
|---|---|---|---|
| | : | | |
| Plaintiff, | : | Civil Action No.: | 12-45 (RC) |
| | : | | |
| v. | : | Re Document No.: | 19 |
| | : | | |
| UNITED STATES CAPITOL POLICE, | : | | |
| | : | | |
| Defendant. | : | | |

# MEMORANDUM OPINION AND ORDER

## DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

In this employment discrimination action, Plaintiff, Mary Ann Turner, has filed a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure for reconsideration of the Memorandum Opinion of September 30, 2013, dismissing the case for failure to state a claim upon which relief may be granted. For the following reasons, the motion will be denied.

A motion under Rule 59(e) is "disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998)); *see also Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004). Granting a Rule 59(e) motion "is discretionary and [it] need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks and citation omitted); *Solomon v. Univ. of S. Cal.*, 255 F.R.D. 303, 304 (D.D.C. 2009). Rule 59(e) affords no opportunity for the parties to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the

entry of judgment." *Niedermeier*, 153 F. Supp. 2d at 28 (citation and internal quotation marks omitted); *see also New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995) ("A Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled.").

Plaintiff argues that the Court's dismissal was based on two "clear errors": First, Plaintiff argues that her claims were timely filed within the 180-day window, if measured by the time of discovery of her performance evaluation. And second, she argues that the performance evaluation constitutes "adverse action" under the allegedly broader standard of the Congressional Accountability Act (CAA). Neither argument has any merit.

First, as Defendant's opposition brief correctly points out, the timing of Plaintiff's discovery of the performance evaluation is immaterial. The Court did not dismiss the case for untimely filing; rather, it dismissed the case for failure to state a claim upon which relief can be granted, because Plaintiff failed to establish that USCP's actions concerning the evaluation were sufficiently adverse to constitute unlawful discrimination or retaliation. In fact, for purposes of the motion, the Court assumed Plaintiff discovered the report at a much later time than it was dated. Regardless, she still did not establish that she suffered from an employment action sufficiently adverse to constitute unlawful discrimination or retaliation. Simply put, in raising the timeliness issue in the Rule 59(e) motion, Plaintiff has misinterpreted the Court's September 30 ruling.

Second, Plaintiff fails to articulate any difference between the CAA standard and the *Burlington* standard applied by this Court for employment discrimination and retaliation. Plaintiff has cited no precedent for her argument that the CAA requires federal courts to apply a different standard of retaliation under Title VII. Nor has she explained how the standard she

advocates encompasses a broader definition of "adverse action" than does *Burlington*. Rather, her entire argument is built upon the purported congressional intent to "preclude any limiting of the 'employment conduct' made actionable" by the CAA. (Mot. for Recon. at 25). To the extent there is any practical difference between the two standards, Plaintiff fails to identify what that difference is. Thus, "to the extent that there is any difference in the standards, Plaintiff's retaliation claims fail under either formulation." (Mem. Op. at 11, n.4). The "meets expectations" performance evaluation is not sufficiently adverse even under the standard proposed by Plaintiff, that is, "any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter a charging party or others from engaging in protected activity." (Pl.'s Mot. for Recon. at 25 (internal citation omitted)). In any event, this argument has been adequately considered and rejected by the September 30 Order in Footnote 4, and a Rule 59(e) motion for reconsideration is not to be exploited as an opportunity to reargue issues already decided by the Court.

In the instant motion, Plaintiff either seeks reconsideration of the dismissal based on a misreading of the opinion or merely repeats arguments previously raised and rejected. Thus, the motion provides no basis for revisiting the dismissal order. Accordingly, it is this 16th day of January 2014,

**ORDERED** that Plaintiff's motion for reconsideration is **DENIED**.

Dated: January 16, 2014                                        RUDOLPH CONTRERAS
                                                                             United States District Judge